# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

MICKEY CARL STINSON,

    Petitioner,

v.      CASE NO. 4:07-CV-121 (CDL)

STATE OF GEORGIA,      Habeas Corpus Petition

    Respondent.

## REPORT AND RECOMMENDATION

Before the court is Respondent's Motion to Dismiss Petition As Unexhausted. Petitioner was notified of his right to respond to the Motion and filed his Response on December 19, 2007. The procedural history of ths case reveals that Petitioner Stinson, who is currently incarcerated in the Sumpter County Correctional Institution in Americus, Georgia, was convicted of two counts of bringing stolen property into the state, possession of tools for the commission of a crime, four counts of burglary, two counts of theft by taking a motor vehicle, and thirteen counts of theft by taking on March 4, 1999, in Muscogee County, Georgia. Petitioner states that he was sentenced to serve twenty years in prison. (R-1).

In its Motion to Dismiss (R-13), the Respondent contends that Petitioner's Amended Motion for New Trial, which was filed in 2000, and heard by the Court in 2003, is still pending. The Respondent also asserts that Petitioner has failed to file any appeal of said conviction and, more importantly to this action, failed to file a state habeas action regarding

his conviction. The Respondent, therefore, has moved the court to dismiss Petitioner's application for federal habeas relief as Petitioner has failed to exhaust his available state remedies.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>    (B) (i) there is an absence of available State corrective process; or
>       (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In his Response to Respondent's Motion to Dismiss, Petitioner states that, in fact, his Amended Motion for New Trial is still pending in the Superior Court of Muscogee County. (R-17). Nowhere, however, does Petitioner mention any state habeas petition having been

filed regarding his conviction, nor can the Respondent find any record of any state habeas action filed by this Petitioner.

As stated above, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 19th day of December, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw